UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CARRIE G.W.,

                Plaintiff,

    v.                                                    No. 1:23-cv-1552 (AMN/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**KIRK & TEFF, LLP**                             **DREW CHISHOLM, ESQ.**
10 Westbrook Lane
P.O. Box 4466
Kingston, New York 12402
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **FERGUS J. KAISER, ESQ.**
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### DECISION & ORDER

**I.    INTRODUCTION**

        On December 10, 2023, Plaintiff Carrie G.W.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

1

("Commissioner") denying her application for disability insurance benefits for a lack of disability. *See* Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Mitchell J. Katz who, on October 9, 2024, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, reverse the Commissioner's decision, and remand the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 18 ("Report-Recommendation").[2] Magistrate Judge Katz advised that under 28 U.S.C. § 636(b)(1) and Northern District of New York Local Rule 72.1(c), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 20.[3] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error

---

[2] On February 2, 2024, the case was reassigned to the undersigned. *See* Dkt. No. 8.

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

Because neither Party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Katz concluded that the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence of record, which tainted his Residual Functional Capacity ("RFC") determination and ultimate finding that Plaintiff was not disabled. *See* Dkt. No. 18 at 6. More specifically, Magistrate Judge Katz took issue with the ALJ's finding that the opinion of Plaintiff's treating psychologist, Dr. Sharon McLennon-Wier, was not persuasive. Magistrate Judge Katz found that the ALJ's explanation as to this finding was not based on a reasonable reading of the record. *Id.* at 14.

First, Magistrate Judge Katz concluded that the ALJ's statement that Dr. McLennon-Wier had only treated Plaintiff "for a short period of time" was a mischaracterization since Dr. McLennon-Wier had treated Plaintiff on either a weekly or biweekly basis for over seven months prior to rendering her November 2022 opinion. *Id.* at 14-15 (citing, *inter alia*, *Vasquez v. Colvin*, No. 14-CV-7194, 2015 WL 4399685, at *20 (S.D.N.Y. July 20, 2015)). Next, Magistrate Judge Katz found that, in characterizing the medical record as "demonstrating intact mental status findings," the ALJ impermissibly cherry-picked the record evidence and ignored certain contrary

3

record evidence, such as the fact that Plaintiff had been diagnosed with major depressive disorder, PTSD, and anxiety, for which Plaintiff's providers had prescribed her medication. *See id.* at 15-16 (citing, *inter alia*, *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 Fed. Appx. 7, 11 (2d Cir. 2020)). Additionally, Magistrate Judge Katz concluded that the ALJ's reliance on Plaintiff's ability to "drive, cook, go out and manage her finances" to justify his determination with respect to Dr. McLennon-Wier's persuasiveness was improper, given that "the record does not reflect Plaintiff's uninhibited ability to perform these activities of daily living," *id.* at 16, and since additional record evidence supported Dr. McLennon-Wier's conclusions that Plaintiff has limitations in her understanding and memory, lacks the ability to maintain attention and concentration, and cannot tolerate normal stress levels, *id.* at 16-17. Finally, Magistrate Judge Katz determined that the ALJ's reference to Plaintiff's lack of need for emergency or in-patient mental health care was an insufficient basis to find Dr. McLennon-Wier's opinion unpersuasive. *Id.* at 17 (citing, *inter alia*, *Kathleen M. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1040 (TWD), 2022 WL 92467, at *8 (N.D.N.Y. Jan. 10, 2022)).

As such, Magistrate Judge Katz found that "because the ALJ's evaluation of [Dr. McLennon-Weir] was not supported by substantial evidence, remand is warranted." *Id*.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 18, is **ADOPTED in its entirety**; and the Court further

4

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that this action be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g); and the Court further

**ORDERS** that the Clerk serve a copy of this Decision and Order on all Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 21, 2025
       Albany, New York